**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| EFFECTIVELY ILLUMINATED PATHWAYS, LLC,<br>Plaintiff,<br><br>v.<br><br>ASTON MARTIN LAGONDA OF NORTH AMERICA, INC., *et al.*,<br><br>Defendants. | Case No. 6:11-cv-00034-LED<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S**
**AND DEFENDANT BENTLEY MOTORS, INC.'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

On January 18, 2011, plaintiff Effectively Illuminated Pathways LLC ("EIP") filed a complaint (D.I. 1) alleging direct infringement of U.S. Patent No. 6,520,669 ("the '669 patent") by defendants Volkswagen Group of America, Inc. ("VWGoA"), Bentley Motors, Inc. ("Bentley"), and five other defendants in this litigation. The allegations in the complaint are minimal and identify the patent and title, as well as the location and state of incorporation of EIP as a business. The complaint then alleges, in a single paragraph that does not differentiate between the seven defendant automakers, that, "On information and belief, each defendant has infringed and still is infringing one or more claims of '669 patent [sic] by making, using, selling, offering to sell, or importing automotive exterior LED lights." *See* D.I. 1 ¶ 13.

The '669 patent describes and claims a specific vehicular lighting assembly structure that includes a plurality of solid-state light emitting devices attached in a spaced-apart array to a flexible substrate that is mounted on and conforms to an external surface of a vehicle. *See, e.g.*,

D.I. 1, Ex. A, at col. 2, ll. 8–11; cols. 9–14; Fig. 1.[1] EIP's complaint, however, does not either (1) specify any particular products or devices that VWGoA, Bentley, or any other defendant is "making, using, selling, offering to sell, or importing" that allegedly include these features, (2) explain which of the twenty-six (26) claims of the patent plaintiff contends are infringed, or (3) plead any facts describing how or why the claims are infringed, in order to create a "plausible" (rather than merely "conceivable") allegation against VWGoA and Bentley.

Pursuant to Fed. R. Civ. P. 12(b)(6), VWGoA and Bentley accordingly move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

---

[1] As an example, claim 1 of the '669 patent describes:

> A flexible vehicular light source adapted to mount on and conform to a shape of an external surface of a vehicle and to emit light that provides illumination of a surface over which the vehicle is traveling, indicates an intention of a driver to turn or stop the vehicle, and/or provides an indication of a location of the vehicle, said flexible vehicular light source comprising:
>
> (a) a flexible substrate having a rear surface and a front surface, and including a plurality of flexible conductive traces, said plurality of flexible conductive traces being adapted to connect to an electrical system of a vehicle to receive an electrical current therefrom, said plurality of flexible conductive traces being disposed in at least one of the following locations: (i) on the rear surface of the flexible substrate; (ii) on the front surface of the flexible substrate; and (iii) within an internal portion of the flexible substrate;
>
> (b) a plurality of solid-state light emitting devices mounted in a spaced-apart array on the front surface of the flexible substrate, said array extending in two orthogonal directions, said plurality of solid-state light emitting devices being electrically connected to the plurality of flexible conductive traces and energized by the electrical current, emitting light outwardly and away from said flexible substrate; and
>
> (c) a transparent flexible envelope that extends over the plurality of solid-state light emitting devices, providing protection against abrasion, the light emitted by the plurality of solid-state light emitting devices passing through the transparent flexible envelope, said transparent flexible envelope not covering the rear surface of the flexible substrate, so that the rear surface of the flexible substrate is adapted to mount on an exterior surface of a vehicle, said flexible substrate, said spaced-apart array, and said transparent flexible envelope being able to conform to a non-planar curve of the exterior surface.

## ARGUMENT

### 1. To Sufficiently State a Claim, EIP Must Allege Facts in its Complaint Describing the Identity of the Accused Products or the Features that Plausibly Infringe

Fed. R. Civ. P. 8(a) states that a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In order to meet these pleading requirements, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted). Stated otherwise, a complaint must contain a short and plain statement of the claim, including facts, showing that the pleader is entitled to relief, and giving the defendant fair notice of what the claim is and the grounds upon which it is based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007); *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)); *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("[A] complaint, which contains a 'bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice.").

Form 18 of the Federal Rules of Civil Procedure sets forth the minimum pleading requirements for patent infringement complaints:

> (1) a statement identifying the patent number, the date on which the patent was issued, and the general nature of the patented invention (in the case of the Form, an "electric motor"); and
>
> (2) an allegation that "The defendant has infringed and is still infringing the Letters Patent by making, selling, and using" a particular product that embodies the patented invention.

The absolute minimum required of a complaint for patent infringement is thus at least some factual statement identifying or describing an accused product or feature in a manner that allows the court to draw a reasonable inference that the defendant is liable for the alleged infringement. *See Bender v. Motorola, Inc.*, No. C 09-1245 SBA, 2010 U.S. Dist. LEXIS 26076, at *7–8 (N.D. Cal. Feb. 26, 2010) (Form 18 "does not contemplate that the accused device or devices be described in terms of a multiplicity of generically-described product lines such as 'satellite communications technology' and 'audio amplifiers,' as Plaintiff has done here."); *Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 U.S. Dist. LEXIS 33075, at *19 (N.D. Cal. Mar. 11, 2010) (A complaint "at a minimum [must allege] a brief description of what the patent at issue does, and . . . that certain named and specifically identified products or product components also do what the patent does . . . ."). *Accord Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 539, 541–43 (E.D. Tex. 2010) (Davis, J.) (complaint alleging that the defendants "have been and are now directing [sic] infringing and/or indirectly infringing by inducement and/or contributing to infringement of the [Realtime patent] in this District and elsewhere in violation of 35 U.S.C. § 271 including making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the [Realtime patent]" dismissed as "too vague").

Thus, in order to meet the pleading requirements of Rule 8(a), EIP is required to assert facts in its complaint describing the identity or features of the accused products or devices that are sufficient to create a "plausible," rather than merely "conceivable," allegation of infringement against VWGoA and Bentley. *See Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

**2. EIP's Allegations of Infringement Do Not Plead Sufficient Facts To Describe An Infringement Claim That is Plausible on Its Face**

As noted above, EIP's complaint alleges only that,

> (1) "On information and belief,"
>
> (2) "each defendant has infringed and still is infringing one or more claims of '669 patent [sic]"
>
> (3) "by making, using, selling, offering to sell, or importing automotive exterior LED lights."

D.I. 1 ¶ 13. This allegation is asserted collectively, without differentiation, against all seven defendants, and without any specific factual allegations describing the alleged infringement.

In *Twombly*, the Court found that "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." 550 U.S. at 555 n.3. Applying these principles to patent infringement complaints, this Court has ruled that pleadings generally alleging infringement by "data compression products and/or services," *see Realtime*, 721 F. Supp. 2d at 539–41, 543–44, "electronic commerce systems," *see Landmark Tech. LLC v. Aeropostale*, No. 6:09 CV 262, 2010 U.S. Dist. LEXIS 136568, at *5–6, *11–13 (E.D. Tex. Mar. 29, 2010) (Davis, J.), "the claimed method and apparatus of the [patent]," *see Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09 CV 269, 2010 U.S. Dist. LEXIS 62711, at *5–6,

*11–13 (E.D. Tex. Mar. 29, 2010) (Davis, J.), and "Upon information and belief, the Defendants have infringed and continue to infringe one or more claims" of a patent, *see Joao Bock Transaction Systems of Texas, LLC v. AT&T, Inc.*, No. 6:09-cv-208, 2010 WL 5343173, at *1, *3 (E.D. Tex. Mar. 29, 2010) (Davis, J.), do not describe the accused systems or devices sufficiently to provide fair notice of the nature of the patent infringement claim or the grounds on which the claim is based, and therefore fail to meet the pleading requirements of Rule 8. *See also Cal. Inst. of Computer Assisted Surgery, Inc. v. Med-Surgical Servs., Inc.*, No. 10-02042 CW, 2010 U.S. Dist. LEXIS 80599, at *3–4 (N.D. Cal. Aug. 3, 2010) (dismissing complaint alleging infringement "by making, using, offering to sell, licensing, and/or selling products, systems, and/or processes that are covered by the claims" of the asserted patents); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 U.S. Dist. LEXIS 83715, at *4–13 (N.D. Cal. Sept. 14, 2009) (dismissing complaint alleging infringement "on information and belief," and noting that "It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal*").

EIP's complaint likewise does not meet the pleading requirements of Rule 8, *Twombly* and *Iqbal*. The alleged infringement described in EIP's complaint is simply "making, using, selling, offering to sell, or importing automotive exterior LED lights." *See* D.I. 1 ¶ 13. EIP fails to identify any particular products of VWGoA and Bentley, i.e., which vehicle brands, models, and model years, or even which category of external lights (such as headlamps or turn signals), that allegedly infringe the '669 patent, and fails to plead any specific facts that describe features of VWGoA and Bentley products that plausibly meet the claim terms of the '669 patent and thus infringe its asserted patent. EIP's bare allegation that (1) "On information and belief," (2) "each defendant has infringed and still is infringing one or more claims of '669 patent [sic]," (3) "by

making, using, selling, offering to sell, or importing automotive exterior LED lights" does not inform VWGoA and Bentley about the basis of its infringement claim. EIP's allegation is nothing more than an ambiguous conclusion arguably implicating the entire VWGoA and Bentley product line, with no supporting factual basis to show that the infringement claim is plausible on its face, particularly in context of the asserted patent. *Cf. Colida v. Nokia, Inc.*, 347 Fed. Appx. 568, 570 (Fed. Cir. 2009) (nonprecedential) (affirming dismissal when the "infringement claims were facially implausible and provided the district court with no basis on which to reasonably infer that" the accused products included features required to infringe).

In view of the specific lighting assembly structure claimed in the '669 patent, which includes a plurality of light emitting devices attached to a flexible substrate mounted on an external surface of a vehicle, *see, e.g.*, D.I. 1, Ex. A, at col. 2, ll. 8–11; cols. 9–14; Fig. 1, EIP's allegation of infringement by any "automotive exterior LED lights," *see* D.I. 1 ¶ 13, which is made collectively and generically against all seven defendants, is too broad to state a plausible claim for relief or to provide VWGoA and Bentley with fair notice of what they must defend. *See Realtime*, 721 F. Supp. 2d at 540–41, 543 (when patents-in-suit claimed "systems and methods for content dependent data compression," dismissing allegations of infringement by "one or more data compression products and/or services," because this is "a vague identification and without further context it is unclear as to what 'data compression products and/or services' refers"); *Landmark*, 2010 U.S. Dist. LEXIS 136568 at *11 (holding that an allegation of infringement by "electronic commerce systems," made collectively against all the defendants, is "extremely vague," and therefore insufficient to provide fair notice without "further context").

And, like the pleadings in *Realtime* and *Landmark*, EIP's allegation is also too vague to satisfy the requirements of Form 18 of the Federal Rules of Civil Procedure.[2] EIP's vague and conclusory pleading, and its failure to identify which of the twenty-six (26) claims of the '669 patent it alleges are being infringed, falls short of the minimum level of plausibility and notice required by the Federal Rules.

**CONCLUSION**

EIP's sole allegation that "On information and belief, each defendant has infringed and still is infringing one or more claims of '669 patent [sic] by making, using, selling, offering to sell, or importing automotive exterior LED lights," *see* D.I. 1 ¶ 13 (emphasis added), neither states a plausible claim for relief, nor provides VWGoA and Bentley with fair notice of how they allegedly infringe EIP's patent. The complaint should therefore be dismissed.

[2] Conversely, this Court has found more specific allegations of infringement by categories of accused products or devices sufficient to meet Rule 8 pleading requirements. For example, compare EIP's allegation that "automotive exterior LED lights" infringe the '669 patent, which is not limited to any particular model vehicles or any category of external lights (such as headlamps or turn signals), with, e.g, "web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jpmorgan.com," *see Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2010 U.S. Dist. LEXIS 58291, at *10–11, *15 (E.D. Tex. May 6, 2010), and "methods practiced on various websites (including, but not limited to, www.bergdorfgoodman.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems," *see Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09CV481, 2010 U.S. Dist. LEXIS 92079, at *2–3, *6–11 (E.D. Tex. Mar. 29, 2010), which this Court has held to be sufficiently detailed to meet the requirements of Rule 8.

Dated: March 16, 2011

Respectfully submitted,

*/s/ Deron R. Dacus*

Deron R. Dacus
Texas State Bar No. 00790553
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
Tel.: (903) 597-3301
Fax: (903) 597-2413
derond@rameyflock.com

Michael J. Lennon (admitted *pro hac vice*)
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Tel.: (212) 425-7200
Fax: (212) 425-5288

Susan A. Smith (admitted *pro hac vice*)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
Tel.: (202) 220-4200
Fax: (202) 220-4201

ATTORNEYS FOR DEFENDANTS
VOLKSWAGEN GROUP OF AMERICA, INC.
AND BENTLEY MOTORS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail this 16th day of March, 2011.

*/s/ Deron R. Dacus*
Deron R. Dacus