IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EFFECTIVELY ILLUMINATED PATHWAYS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASTON MARTIN LAGONDA OF NORTH AMERICA, INC., *et al.*,<br><br>Defendants. | Case No. 6:11-cv-00034-LED<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT FORD MOTOR COMPANY'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Ford Motor Company ("Ford"), by counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Effectively Illuminated Pathways LLC ("EIP") on January 18, 2011. The grounds for this motion are as follows:

1. The Complaint alleges direct infringement by Ford of U.S. Patent No. 6,520,669 ("the '669 patent"), entitled "Flexible Substrate Mounted Solid-State Light Sources for Exterior Vehicular Lighting." (D.I. 1.) The Complaint alleges the same against six additional automakers. (*Id.*) However, the Complaint contains only a single sentence concerning Ford's alleged infringement of the '669 patent:

> On information and belief, each defendant has infringed and still is infringing one or more claims of [the] '669 patent by making, using, selling, offering to sell, or importing automotive exterior LED lights.

(D.I. 1 ¶ 13.) Moreover, this single sentence does not differentiate between various products of the seven defendant automakers.

2. While the '669 patent (D.I. 1, Ex. A) describes and claims a vehicle lighting assembly structure, the Complaint does not specify any particular Ford vehicle containing a light assembly structure that allegedly infringes the '669 patent, nor does not indicate which of the twenty-six (26) claims of the '669 patent are allegedly infringed.

3. As such, the Complaint fails to meet the minimum pleading requirements of Fed. R. Civ. P. 8, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and therefore fails to state a claim upon which relief can be granted.  For the sake of brevity, to avoid burdening the Court with duplicative briefing, and because the relevant allegations made by EIP against of the seven defendant automakers are identical, Ford incorporates by reference the legal arguments in Defendant Volkswagen Group of America, Inc.'s and Defendant Bentley Motors, Inc.'s Motion to Dismiss for Failure to State a Claim (D.I. 35).  *See also Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 539, 541-43 (E.D. Tex. 2010) (Davis, J.); *Landmark Tech. LLC v. Aeropostale*, No. 6:09 CV 262, 2010 U.S. Dist. LEXIS 136568, at *5-6, *11-13 (E.D. Tex. Mar. 29, 2010) (Davis, J.); *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09 CV 269, 2010 U.S. Dist. LEXIS 62711, at *5-6, *11-13 (E.D. Tex. Mar. 29, 2010) (Davis, J.); and *Joao Bock Transaction Systems of Texas, LLC v. AT&T, Inc.*, No. 6:09-cv-208, 2010 WL 5343173, at *1, *3 (E.D. Tex. Mar. 29, 2010) (Davis, J.).

4. The Complaint does not put Ford on fair notice of how it allegedly infringes the '669 patent and of which claims are allegedly implicated.  This is more than just a technical legal defect.  In failing to specify any specific LED lights, or any specific Ford vehicle models, the Complaint deprives Ford of the ability to properly evaluate and answer the Complaint.  The defects of the Complaint also prevent Ford from identifying which of its suppliers may be proper parties to assume the defense of and/or participate in this action.

## CONCLUSION

For all the reasons stated herein, Ford respectfully requests this Court dismiss the Complaint for failure to state a claim.

Dated:  March 24, 2011

Respectfully submitted,

/s/ Lindsey L. Hargrove
Lindsey L. Hargrove
Texas State Bar No. 24065373
MCGUIREWOODS LLP
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002-2906
Telephone: (832) 214-9953
Facsimile: (832) 214-9930
lhargrove@mcguirewoods.com

*Counsel for Defendant Ford Motor Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2011, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on.  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile, and/or U.S. First Class Mail.

/s/ Lindsey L. Hargrove
Lindsey L. Hargrove